IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| DR. BRANDON A. MINES, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | 1:24-CV-02408 ELR-CMS |
| | ) | |
| EMORY HEALTHCARE, INC., | ) | |
| THE EMORY CLINIC, INC., | ) | |
| EMORY UNIVERSITY SCHOOL | ) | |
| OF MEDICINE, THE ATLANTA | ) | |
| FALCONS FOOTBALL CLUB, | ) | |
| LLC, DR. SCOTT BODEN, and | ) | |
| DR. KENNETH MAUTNER, in | ) | |
| their individual and professional | ) | |
| capacities | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT ATLANTA FALCONS
FOOTBALL CLUB, LLC'S OBJECTION TO THE MAGISTRATE
JUDGE'S NON-FINAL REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(B),

Plaintiff, Dr. Brandon A. Mines, by and through undersigned counsel, submits this

Response to Defendant Atlanta Falcons Football Club, LLC ("Atlanta Falcons")

Objection to the Magistrate Judge's Non-Final Report and Recommendation

("R&R") (Doc. 86) and respectfully shows the Court as follows:

1

## I.    Introduction

Plaintiff agrees with the Atlanta Falcons that the Court has discretion to retain supplemental jurisdiction over his state law claims and supports the exercise of that discretion. In their objection to the R&R, the Atlanta Falcons, however, go a step too far. They ask the Court not only to retain jurisdiction over Plaintiff's state law claims, but also to convert the Magistrate Judge's non-binding, alternative merits discussion into a final adjudication, dismissing the state law claims with prejudice. Even though the R&R found those claims deficient and recommended dismissal with prejudice, Plaintiff has not yet had an opportunity to amend in response to a judicial ruling identifying specific curable defects. (Doc. 72 at 128). The Second Amended Complaint was filed voluntarily and not in response to a court order or findings of legal deficiencies. (Doc. 86 at 10).

Thus, the Atlanta Falcons' request is procedurally improper. It seeks final judgment while bypassing Rule 12 and Rule 15, including notice of the alleged deficiencies and a chance to cure them. This Court should reject the Atlanta Falcons' objection to the extent it seeks final dismissal with prejudice of Plaintiff's state law claims and instead preserve Plaintiff's right to amend if any pleading defect is identified.

**II.    The Court Should Retain Supplemental Jurisdiction, But Decline to Adopt the Atlanta Falcons' Request to Dismiss the State Law Claims with Prejudice**

Plaintiff agrees that the Court has discretion to retain supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c). The parties do not dispute that point. What is contested is how the Court should exercise that discretion: while the Atlanta Falcons ask the Court to retain jurisdiction, they do so only to urge dismissal of Plaintiff's remaining state law claims with prejudice based on the magistrate judge's alternative merits analysis. (Doc. 86 at 11-14). That request invites the Court to convert a non-binding recommendation into a final "on the merits" ruling without affording Plaintiff the procedural rights to notice, an opportunity to respond, or a ruling identifying any curable deficiency in the operative complaint.

Regardless of the procedural impropriety in the Atlanta Falcons' request for dismissal with prejudice, the statutory factors under § 1367(c) independently support retaining jurisdiction and allowing the litigation to proceed before this Court. Judicial economy, convenience, and fairness all weigh in favor of doing so. *Leitgeb v. Kelley,* 510 F. Supp. 2d 1227, 1237 (N.D. Ga. 2007).

This case has been pending for over a year. The parties have litigated two rounds of motions to dismiss and submitted more than 100 pages of briefing on the pleadings. Although Plaintiff amended once as of right and once with consent, the

3

Court has not yet ruled on the sufficiency of the Second Amended Complaint. The R&R, while recommending dismissal on jurisdictional grounds, also set out an alternative merits analysis of the state law claims. (Doc. 72 at 114-128). That level of judicial engagement reflects substantial investment of resources, making it both more efficient and fairer to resolve the remaining claims in this forum rather than resurrecting the litigation in state court. *See Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 746 (11th Cir. 2006); *Palmer v. Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1569 (11th Cir. 1994).

Although the R&R included an alternative recommendation to dismiss the state law claims with prejudice, that recommendation was based on Plaintiff's prior amendments, not on a judicial ruling identifying curable deficiencies. As discussed below, final dismissal under these circumstances would be procedurally improper. For these reasons, the § 1367(c) factors strongly support the Court retaining jurisdiction over Plaintiff's state law claims.

## III. The Atlanta Falcons' Request to Dismiss the State Law Claims with Prejudice Is Procedurally Improper and Should Be Rejected

The Atlanta Falcons ask this Court to adopt the Magistrate Judge's alternative merits analysis and dismiss Plaintiff's remaining state law claims with prejudice, without allowing amendment or further briefing. (Doc. 86 at 11-14). That request is procedurally improper under binding Eleventh Circuit precedent. It seeks final

judgment without affording Plaintiff the protections required by Rule 12(b)(6) and Rule 15(a); namely, notice, briefing, and a meaningful opportunity to amend in response to a judicial ruling identifying curable defects. Courts in the Eleventh Circuit do not permit dismissal with prejudice in these circumstances, and this Court should decline to do so here. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526–27 (11th Cir. 1983); *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

### A.    The R&R's Alternative Merits Discussion Does Not Justify a Final Merits-Based Judgment

The Atlanta Falcons' objection invite this Court to treat the Magistrate Judge's alternative merits analysis as a dispositive ruling and to dismiss Plaintiff's remaining state law claims with prejudice. (Doc. 86 at 11-14). That position misconstrues the procedural posture of the R&R. The magistrate judge's primary recommendation was to decline supplemental jurisdiction and dismiss the claims without prejudice. (Doc. 72 at 114). The merits discussion was expressly framed as an alternative recommendation, offered only if the Court were to retain jurisdiction. *Id.* That alternative reasoning has not been adopted by any court, and no ruling has found the Second Amended Complaint incurably deficient.

Plaintiff addressed the R&R's alternative analysis in his own objections not to concede its validity, but to preserve arguments and avoid waiver (Doc. 87) That

does not equate to consent to final adjudication. Plaintiff acknowledges that the R&R includes a recommendation to deny leave to amend based on the Magistrate Judge's view that Plaintiff had "enough opportunities" to amend. (Doc. 72 at 128).

However, the Second Amended Complaint was not filed in response to a judicial ruling identifying specific deficiencies. It was filed with consent and before any court evaluated its sufficiency. Under binding precedent, dismissal with prejudice is inappropriate where a plaintiff has not yet had the opportunity to amend in response to a ruling identifying curable defects. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526–27 (11th Cir. 1983); *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

Accordingly, even if the Court adopts the R&R's merits reasoning, it should not adopt the recommendation to dismiss Plaintiff's state law claims against the Atlanta Falcons with prejudice. Plaintiff respectfully submits that if the Court finds any claim insufficiently pled as to the Atlanta Falcons, it should allow amendment under Rule 15(a)(2), consistent with Eleventh Circuit precedent.

### B.      The Atlanta Falcons' Request Bypasses Procedural Protections and Misstates the Applicable Standard

The Atlanta Falcons' objection is not merely a disagreement with the R&R's jurisdictional recommendation. It is an attempt to secure final judgment without complying with the rules that govern dismissal and amendment. Dismissal with

prejudice at the pleading stage is governed by Rules 12(b)(6) and 15(a), which require that a plaintiff be given notice of the alleged deficiencies and a fair opportunity to cure them before judgment is entered. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jefferson Fourteenth Assocs*., 695 F.2d at 526–27. That standard has not been met here.

While the R&R expressed the view that Plaintiff had already amended twice, it did not identify any incurable defect or hold that amendment would be futile. Doc. 72 at 128. And the Atlanta Falcons themselves offer no argument that amendment would be futile, untimely, or made in bad faith. (Doc. 86). Instead, they rely on the R&R's alternative reasoning and assert that further litigation would inconvenience the parties and duplicate effort. (Doc. 86 at 11-14). That is not a valid basis for dismissal with prejudice. Courts in this Circuit routinely grant leave to amend even after multiple filings unless there is a concrete showing of futility or prejudice. *See Bryant,* 252 F.3d at 1163; *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir. 1999).

Retaining jurisdiction over Plaintiff's state law claims does not entitle the Atlanta Falcons to a final "on the merits" ruling without adherence to Rule 12 and Rule 15. To the extent the Court finds any claim insufficiently pleaded, Plaintiff respectfully requests leave to amend under Rule 15(a)(2), not an entry of a final judgment.

Thus, because this Court has not adopted the R&R's merits analysis as a final ruling, and because Plaintiff has not yet had the opportunity to amend in response to any ruling identifying a curable defect, dismissal with prejudice would be procedurally improper. The Court should reject the Atlanta Falcons' objection and preserve Plaintiff's right to amend consistent with Eleventh Circuit precedent.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court retain supplemental jurisdiction over all of his state law claims as asserted against the Atlanta Falcons and decline to adopt the Atlanta Falcons' objections to the extent they seek final dismissal of the state law claims with prejudice. If the Court determines that Plaintiff's state law claims are insufficiently pleaded, Plaintiff respectfully requests that the Court grant leave to amend pursuant to Rule 15(a)(2), rather than dismissing the claim with prejudice.

Respectfully submitted this 8th day of August 2025.

**THE WHITE LEGAL GROUP LLC**

 /s/ *Frederica Joy White*
Frederica Joy White
GA Bar No. 753400

/s/ *Alexandria Huiskens*
Alexandria Huiskens
*Pro Hac Vice*

1870 The Exchange SE

Suite 220 PMB 56702
Atlanta, Georgia 30339-2171
Telephone: (404) 394-8344
jwhite@thewhitelegalgroup.com
ahuiskens@thewhitelegalgroup.com

***Attorneys for Plaintiff Dr. Brandon Mines***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that **PLAINTIFF'S RESPONSE TO ATLANTA FALCONS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** complies with the type- volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

*/s/ Frederica Joy White*
Frederica Joy White
Georgia Bar No. 753400

## CERTIFICATE OF SERVICE

I hereby certify that, on August 8, 2025, I electronically filed **PLAINTIFF'S RESPONSE TO DEFENDANT ATLANTA FALCONS FOOTBALL CLUB, LLC'S OBJECTION TO THE MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter.

 */s/ Frederica Joy White*
Frederica Joy White
Georgia Bar No. 753400