**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DR. BRANDON A. MINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | **No. 1:24-cv-02408-ELR-CMS** |
| | ) | |
| **EMORY HEALTHCARE, INC.,** | ) | |
| **THE EMORY CLINIC, INC.,** | ) | |
| **EMORY UNIVERSITY SCHOOL** | ) | |
| **OF MEDICINE, THE ATLANTA** | ) | |
| **FALCONS FOOTBALL CLUB,** | ) | |
| **LLC, DR. SCOTT BODEN, and** | ) | |
| **DR. KENNETH MAUTNER, in their** | ) | |
| **individual and professional capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COME NOW, Defendants Emory Healthcare, Inc., The Emory Clinic, Inc.,

Emory University School of Medicine, and Drs. Scott Boden and Kenneth Mautner

("Defendants"), pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1B., and hereby submit their Response to Plaintiff's Objections to the Magistrate

Judge's Report and Recommendation ("R&R") (Doc. 72).

## I.    PROCEDURAL BACKGROUND.

Plaintiff's 104-page, thirteen-count Second Amended Complaint ("SAC")

purports to allege claims against Defendants for racial discrimination, harassment,

1

and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §1981 ("Section 1981"), as well as state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, fraud, breach of contract, and negligent retention.[1] (Doc. 52). On December 19, 2024, Defendants moved to dismiss all of the claims in the SAC, except for Plaintiff's defamation claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 57).

After Defendants' Motion to Dismiss Plaintiff's SAC was fully briefed, the Magistrate Judge issued her 130-page Report and Recommendation, ("R&R") wherein she recommended dismissing Plaintiff's Title VII and Section 1981 claims against Defendants, with prejudice. (Docs. 62, 64, 72). The R&R also recommended that the Court decline to exercise supplemental jurisdiction over the state law claims in the SAC and dismiss those claims without prejudice. (Doc. 72, p. 129). In the alternative, the Magistrate Judge recommended exercising supplemental jurisdiction over Plaintiff's claims for intentional and negligent infliction of emotional distress, fraud, breach of contract, and negligent retention, and dismissing those claims, with prejudice, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Id. at 114-130).

Notwithstanding the R&R's comprehensive legal analysis and review of the allegations in the SAC, Plaintiff filed Objections to the R&R. ("Plaintiff's

---

[1] Plaintiff conceded the inadequacy of his first two pleadings against Defendants by amending his complaint in response to each of the prior Motions to Dismiss filed by Defendants. (Docs. 16, 25, 28, 29, 37, 41, 51, 52).

Objections"). (Doc. 87). For the reasons discussed below, the Court should overrule Plaintiff's Objections, and approve and adopt the portion of the R&R recommending the dismissal of Plaintiff's Title VII and Section 1981 claims, as well as the dismissal of his state law claims, with prejudice.

## II.    ARGUMENT AND CITATION OF AUTHORITIES

### A.    The Applicable Legal Standards.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed. See 28 U.S.C. § 636(b)(1). A party challenging an R&R must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 Fed. Appx. 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted). The Court need not consider arguments not presented to the Magistrate Judge because to do so "would be fundamentally unfair" and would "permit a litigant to . . . wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009)(internal quotations omitted).

If a party files a specific objection to a portion of the R&R, the district court must review that portion of the R&R de novo. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). "Any portion of the R&R to which neither party has made specific

objections will be reviewed to determine whether it is clearly erroneous, that is "if, after viewing all the evidence, [the Court is] 'left with the definite and firm conviction that a mistake has been committed.'" HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 873 (11th Cir. 2005).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As set forth in the R&R, this obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.

In considering a motion to dismiss, the Court must eliminate any allegations in the complaint that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). In addition, courts may infer from the factual allegations

4

in the complaint "obvious alternative explanation[s]" that suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. See Twombly, 550 U.S. at 567.

"Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law" such as the statute of limitations. See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted); Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

The Eleventh Circuit has observed that district courts are free to dismiss an amended complaint with prejudice and are under no obligation to allow a plaintiff represented by counsel the opportunity to file a second amended complaint.[2]  See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., 673 Fed. Appx. 925, 930 (11th Cir. 2016) ("We do not find that the district court abused its discretion in declining to grant Plaintiff a second bite at this apple."); Heinen v. Royal Caribbean Cruises Ltd., 806 Fed. Appx. 847, 850 (11th Cir. 2000) (affirming decision to dismiss amended complaint with prejudice where plaintiffs were represented by counsel).

---

[2] Plaintiff did not object to the portion of the R&R declining to allow him to file yet another amended complaint, therefore, this recommendation should be adopted after a clear error review.

5

**B.** **The Magistrate Judge Properly Concluded that Plaintiff's Section 1981 and Title VII Claims Against Emory Healthcare, Inc. Should Be Dismissed Because He Failed to Plausibly Allege that It Was His Employer.**

Plaintiff first two objections are to Magistrate Judge Salinas' correct determination that his Section 1981 and Title VII claims against Emory Healthcare, Inc. ("EHC") fail to state a claim for relief because he failed to allege that EHC was his employer or that it was a "joint employer" with Emory University School of Medicine ("EUSOM") or The Emory Clinic, Inc. ("TEC"). (Doc. 72 at 77-83; Doc. 87 at 23-24). In support of his first objection, Plaintiff argues, for the first time, that he does not need to allege that EHC was a joint employer to sustain a Section 1981 claim against it because he alleged that he had a contractual relationship with EHC. (Doc. 62 at 3-5; Doc. 87 at 23-25).

Plaintiff's argument in support of his first objection was not presented to the Magistrate Judge, and he has failed to offer any reason for his failure to raise this argument until now. (Doc. 62 at 3-5; Doc. 87 at 23-25). To allow Plaintiff to simply "wait to see which way the wind was blowing" and change his theory of his case against EHC when it appeared he would receive an unfavorable ruling would defeat the purpose of the magistrate judge system. See Williams, 557 F.3d at 1291-92 (holding that district did not abuse its discretion in declining to consider argument not raised before the magistrate judge by *pro se* litigant). Therefore, the Court should

6

decline to consider Plaintiff's first objection to the R&R because the issue was not properly raised before Magistrate Judge Salinas.

Even if the Court considers Plaintiff's new argument, the Court should overrule Plaintiff's objection and find that the Magistrate Judge's determination is consistent with the allegations in Plaintiff's SAC given that Plaintiff specifically alleges that he had an employment contract with EUSOM and TEC (not EHC), and that his Section 1981 claims against EHC are premised on unidentified actions it allegedly took against him which "deprived Plaintiff of equal *employment* opportunities" and "affected his status as an *employee*." (Doc. 52, ¶ 180) (emphasis added). Thus, because Plaintiff's Section 1981 claims against EHC are premised on a purported employment relationship, he must allege facts which plausibly allege that EHC was his employer. Because he has failed to do so, his Section 1981 claims against EHC fail to state a claim for relief. See Hilliary v. FlightSafety Int'l, Inc., No. 1:17-CV-00999-AT-WEJ, 2017 WL 11316735, at *5 (N.D. Ga. Oct. 20, 2017), report and recommendation adopted, No. 1:17-CV-999-AT, 2017 WL 11316993 (N.D. Ga. Nov. 14, 2017) (finding that the plaintiff failed to allege sufficient facts to support her complaint against defendant as her employer under both Title VII and Section 1981, and recommending dismissal of the complaint with prejudice for failure to state a claim).

In support of his second objection, Plaintiff summarily argues that the, "SAC explicitly pleads joint employment between EHC, TEC, and EUSOM" but fails to cite to any allegation in the SAC. (Doc. 87 at 24). Plaintiff's second objection should be overruled because the Magistrate Judge properly concluded that Plaintiff's SAC fails to allege that he was employed by EHC. To the contrary, Plaintiff alleged that he entered into an employment contract with TEC and EUSOM prior to his first day of employment. (Doc. 52, ¶ 34). There are no allegations that Plaintiff was employed by, or had an employment contract with EHC. Although Plaintiff argues that, despite his "lack of clarity about joint employment" that he is "entitled to discovery" and his claims should proceed, that is not the law of this Court. See Ott v. Postal Xpress, LLC, No. 1:22-CV-0114-MHC-JSA, 2022 WL 22432716, at *9 (N.D. Ga. Oct. 24, 2022), report and recommendation adopted, No. 1:22-CV-114-MHC-JSA, 2022 WL 22432715 (N.D. Ga. Nov. 17, 2022) (recommending that defendant's motion to dismiss for failure to state a claim be granted because the amended complaint alleged only legal conclusions that parrot the elements necessary to establish joint employer status, and included no fact allegations as to defendant's role in the plaintiff's employment); Richardson v. Jackson, No. 1:20-CV-00519-LMM-WEJ, 2021 WL 9598490, at *23 and n.23 (N.D. Ga. Sept. 16, 2021), report and recommendation adopted, No. 1:20-CV-00519-LMM, 2022 WL 12241728 (N.D. Ga. Jan. 21, 2022) (noting that "[a]lthough plaintiff asserts that she needs discovery on the joint

8

employer issue . . . courts in this Circuit routinely consider whether the complaint alleges facts sufficient to find that the defendant is an 'employer' at the motion-to-dismiss stage; thus, plaintiff's argument that this is a question for a later time is not well taken"). Accordingly, Plaintiff has not plausibly pled that EHC is his employer and the Court should adopt the R&R's conclusion that Plaintiff's Title VII and Section 1981 claims against EHC fail to plausibly allege a claim for relief.

**C.    The Magistrate Judge Properly Concluded that Plaintiff's Section 1981 and Title VII Claims Against Defendants Should Be Dismissed After Finding that Plaintiff Had Failed to Plausibly Allege a Claim for Relief.**

**1.    Plaintiff's Failure to Plausibly Allege a Disparate Compensation Claim Based on Race.**

Plaintiff's next objection concerns the Magistrate Judge's recommendation to dismiss Plaintiff's Section 1981 and Title VII disparate compensation claims because he failed to set forth any facts suggesting that any similarly-situated physician outside his protected class was paid more than he was, as well as Plaintiff's failure to plead any other facts to support a discriminatory compensation claim based on race.[3] (Doc. 72 at 88-93; Doc. 87 at 25-26). In making this recommendation, the

---

[3] Although it is far from clear, it appears that Plaintiff reiterates this same objection later in his brief when he summarily argues that the Magistrate Judge ignored "well-supported allegations" that established a "powerful inference of race-based discrimination at the hands of the Emory Defendants." Doc. 87 at 32. The only allegations from the SAC that Plaintiff cites to in support of this argument, however, are the ones concerning his membership in a protected class and his experience as a physician. These allegations do not plausibly allege that Plaintiff was subjected to disparate treatment due to his race. See Duckworth v. Ga. Dept. of Human Servs., No. 1:22-cv-04326-SDG, 2024 WL 1377650, at *4 (N.D. Ga. Mar. 31, 2024) (finding that the plaintiff's allegations that certain female employees "in the same position" as the plaintiff were treated more favorably did "not come close to indicating the existence of another employee 'similarly situated in all material respects"). Similarly, Plaintiff objects that the Magistrate Judge ignored his

9

Magistrate Judge examined all of the allegations in the SAC and assumed that they were true, and cited to cases from this Court and the Eleventh Circuit where the plaintiff's disparate treatment claim was dismissed under Fed. R. Civ. P. 12(b)(6) under nearly identical circumstances. (Doc. 72 at 89-90).

With his objection, Plaintiff does not attempt to distinguish these cases, and summarily argues that, "the R&R effectively demands that Plaintiff prove his claim before discovery by requiring documentary evidence" and "usurps the role of the jury." (Doc. 87 at 25).  Notably, Plaintiff fails to cite to any portion of the R&R which discredited the factual allegations in the SAC or cites an evidentiary deficiency as the reason that Plaintiff's claims fail under Fed. R. Civ. P. 12(b)(6). (Id. at 25-27).

Although it is true that Supreme Court precedent holds that the complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case (including the existence of a comparator) under *McDonnell Douglas* to survive a motion to dismiss, the Eleventh Circuit has since held that complaints alleging discrimination still must meet the plausibility standard of Twombly and Iqbal. See Henderson v. JP Morgan Chase Bank, N.A., 436 Fed.

---

allegations concerning three physicians (Drs. Karas, Hammond and Hill) who he alleges were treated more favorably than him. This objection too is without merit since these allegations were considered by the Magistrate Judge and because they do not allege facts suggesting that Plaintiff was subjected to a racially hostile work environment or that he was retaliated against. (Doc. 72 at 18, 33, 35 58, 59, 63, 66, 72, 93).

Appx. 935, 937 (11th Cir. 2011) (holding that although a complaint in an employment case need not establish a *prima facie* case to survive a motion to dismiss, it still must satisfy the standards of Twombly and Iqbal). The complaint must "provide enough factual matter (taken as true) to suggest intentional . . . discrimination." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015). Although a discrimination claim is not subject to dismissal just because the plaintiff fails to identify a proper comparator, Plaintiff "does, however, need to plead sufficient facts to suggest intentional discrimination based on race." Maziar v. City of Atlanta, No. 1:21-cv-02172-SDG-CMS, 2022 WL 4596340, at *3 (N.D. Ga. Sept. 29, 2022).

Based on these well-established legal principles and accepting the allegations in the SAC as true, Plaintiff's disparate compensation claims based on race should be dismissed under Fed. R. Civ. P. 12(b)(6), because he fails to allege sufficient, non-conclusory facts about any purported comparators, and because he does not allege any facts, such as the maintenance of racially discriminatory compensation practices or policies, that suggest he was paid less than other physicians in his department due to his race.  (Doc. 52). See Yusuf v. Home Depot U.S.A., Inc., No. 1:23-CV-3442-SDG-CCB, 2024 U.S. Dist. LEXIS 145607, at *12 (N.D. Ga. Aug. 15, 2024) (recommending dismissal of Plaintiff's Title VII race and sex discrimination claims where plaintiff failed to plead facts sufficient to show that she

11

was treated less favorably than similarly-situated employees and the absence of any other factually allegations suggesting that plaintiff was subject to disparate treatment based on race or sex). Accordingly, the Court should overrule this objection and adopt the R&R's recommendation to dismiss Plaintiff's Title VII and Section 1981 disparate compensation claims, with prejudice.

**2.    Plaintiff's Belated Failure-to-Promote Claims Under Section 1981 and His Failure to Exhaust His Administrative Remedies for His Title VII Failure-to-Promote and Constructive Discharge Claims.**

Plaintiff's next three objections pertain to the Magistrate Court's findings that Plaintiff failed to timely exhaust his administrative remedies with respect to his Title VII failure-to-promote and constructive discharge claims, and her finding that Plaintiff's Section 1981 failure-to promote claims were barred by the two-year statute of limitations. (Doc. 72 at 83-87, 94-95; Doc. 87 at 27-32).

In Count One of the FAC, Plaintiff purports to allege a Title VII race discrimination claim against Defendants based on allegedly being denied promotions from 2011 through 2019. (Doc. 52, ¶¶ 91-104, 165). Plaintiff also alleged that he was constructively discharged based on his race when he resigned in April 2024. (Doc. 54 ¶ 166). As the Magistrate Judge aptly found, these claims should be dismissed because Plaintiff failed to exhaust his administrative remedies by timely filing an EEOC Charge challenging these alleged events.

Title VII requires a plaintiff to first exhaust the available administrative

remedies by filing a charge of discrimination with the EEOC before filing a lawsuit in federal court. See 42 U.S.C. § 2000e-5(e); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). In Georgia, which is a non-deferral state, a plaintiff must file his charge within 180 days of the adverse action. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). Any claim based on a discrete act of discrimination, such as a failure-to-promote or constructive discharge, which took prior to the 180-day period is not actionable. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Here, Plaintiff did not file his first EEOC charge until June 11, 2023 and therefore may only bring claims for acts of discrimination which occurred within 180 days prior to that date, meaning acts that occurred on or after December 13, 2022.  Doc. 1; Ex. A). Plaintiff's failure-to-promote allegations, which span 2011 through 2019, all occurred well before December 13, 2022. Accordingly, Plaintiff's Title VII failure-to-promote claims were not administratively exhausted and these claims must be dismissed with prejudice.  See Basel v. Sec'y of Def., 507 Fed. Appx. 873, 877 (11th Cir. 2013) (affirming district court's dismissal of plaintiff's Title VII claim for failure to state a claim where Plaintiff's failed to exhaust administrative remedies).

The Magistrate Judge also correctly found that Plaintiff's constructive discharge claim based on race should be dismissed because Plaintiff failed to exhaust

13

his administrative remedies given that he ever filed a charge with the EEOC containing a claim for constructive discharge and he did not explain how a claim for constructive discharge could be expected to grow out of his EEOC Charge or his amended charge which was filed in May 2024, after he voluntarily resigned his employment.[4] (Doc. 72 at 94-95); see also Davis v. Dunn Constr. Co., 872 F. Supp. 2d 1291, 1319 (N.D. Ala. 2012) (finding that because plaintiff "filed his EEOC charge on July 9, 2008, but alleged that he was constructively discharged on . . . July 31, 2008 and did not resign from his employment with [d]efendant until August 5, 2008," and "never filed a charge of discrimination [   asserting a constructive discharge claim," he cannot allege a constructive discharge claim . . . in this action").

The Magistrate Judge also soundly concluded that Plaintiff's Section 1981 failure-to-promote claims based on his allegations that he was not promoted for positions from 2011 through 2019 are also time-barred. (Doc. 72 at 87-88). Although Section 1981 does not contain an express statute of limitations, the Eleventh Circuit has held that the statute of limitations for a failure-to-promote claim under Section 1981 is two years. See Edwards v. Nat'l Vision, Inc., 568 Fed. Appx. 854, 860 (11th Cir. 2014). The latest promotion allegedly denied Plaintiff was in 2019, yet Plaintiff did not file this case until five years later. (Doc. 1). Accordingly,

---

[4] Although constructive discharge claims can arise from a charge alleging a hostile work environment, Plaintiff's EEOC Charge does not contain any allegations of a hostile work environment based on race.  (Doc. 1-2, pgs. 1-3).

Plaintiff's Section 1981 failure-to-promote claims are time-barred and due to be dismissed with prejudice. See Hardwick v. Wellstar Health Sys., Inc., No. 1:23-CV-5102-TWT-CCB, 2024 U.S. Dist. LEXIS 132339, at *30 (N.D. Ga. July 26, 2024) (recommending dismissal of plaintiff's Section 1981 failure-to-promote claims for failure to state a claim under FRCP 12(b)(6) because they were filed outside of two-year limitations period).

Plaintiff's contention in his objections brief that the continuing violation theory can salvage his untimely failure-to-promote and constructive discharge claims is misguided and contrary to relevant Supreme Court and Eleventh Circuit precedent. In this regard, the Eleventh Circuit has recognized the Supreme Court's general principles regarding the continuing violation theory which is used to determine whether timely-filed acts in an EEOC charge can save non-timely acts. Stewart v. Jones Util. and Contracting Co., 806 Fed. Appx. 738, 741 (11th Cir. 2020) (citing AMTRAK v. Morgan, 536 U.S. 101, 112-14,  (2002)). The Supreme Court has "held that 'discrete discriminatory acts are not actionable if [time-barred], even when they are related to acts alleged in [timely-filed] charges.'" Stewart, 806 Fed. Appx. at 741 (quoting Morgan, 536 U.S. at 113). The Court explained that the continuing violation doctrine does not apply to discrete acts such as an employer's failure to promote an employee because a lack of a promotion is "easy to identify" and "constitute[s] a separate actionable unlawful employment practice." Stewart,

806 Fed. Appx. at 741 (quoting Morgan, 536 U.S. at 114); Cody v. Gold Kist, Inc., No. 1:03-CV-0745-RWS, 2007 U.S. Dist. LEXIS 112871, at *7 (N.D. Ga. June 29, 2007) (noting that a discrete act of discrimination such as a failure to promote "occurs on the day that it happens[]"); Morgan, 536 U.S. at 114) (recognizing that "the Supreme Court has explained that an employer's failure to promote is a discrete act or single occurrence[]"). Since a failure to promote and a constructive discharge are each identifiable violations, each discrete discriminatory act starts "a new clock for filing charges" pertaining to that act. Stewart, 806 Fed. Appx. at 741 (quoting Morgan, 536 U.S. at 113). "A party, therefore, must file a charge within 180 days of the date of a discrete discriminatory or retaliatory act or lose the ability to recover for it." Id.

Based on these well-established legal principles, the continuing violation theory is inapplicable to Plaintiff's failure-to-promote and constructive discharge claims and these claims should be dismissed because they are time-barred.[5] See Holland v. Dept. of Health & Human Servs., 51 F. Supp. 3d 1357, 1376 (N.D.Ga. 2014) (finding that the continuing violation theory did not apply to plaintiff's failure-to-transfer claim and granting defendant's motion to dismiss plaintiff's claim as

---

[5] Notably, Plaintiff's failure-to-promote claims cannot be considered as part of his hostile work environment claim because they are discrete acts. See Freeman v. City of Riverdale, 330 Fed. Appx. 863, 866 (11th Cir. 2009) (per curiam) (declining to consider untimely discrete acts of alleged racial discrimination as part of plaintiff's race-based hostile work environment claim).

16

time-barred). Green v. Brennan, 136 S.Ct. 1769, 1782 (2016) ("[A] constructive-discharge claim accrues—and the limitations period begins to run—when the employee gives notice of [her] resignation . . . ."); Spencer v. Ashcroft, 147 Fed. Appx. 373, 375 (4th Cir. 2005) (per curiam) (unpublished) (citation omitted) (noting that "constructive discharge is a discrete discriminatory act requiring administrative exhaustion"). Moreover, Plaintiff's failure-to-promote claims cannot be considered as part of his hostile work environment claim because they are discrete acts. Freeman v. City of Riverdale, 330 Fed. Appx.863, 866 (11th Cir. 2009) (per curiam) (declining to consider untimely discrete acts of alleged racial discrimination as part of plaintiff's race-based hostile work environment claim). For these reasons, the Court should adopt the portion of the R&R recommending the dismissal of Plaintiff's constructive discharge and failure-to-promote claims with prejudice.

3. **Plaintiff's Hostile Work Environment Allegations Fail to Allege That He Was Subjected to Any Severe or Pervasive Conduct Based on Race.**

The Magistrate Judge, in a thorough and exhaustive analysis of Plaintiff's hostile work environment claims based on race, considered all of Plaintiff's workplace grievances listed in the SAC which allegedly took place over a 20-year period, and concluded that Plaintiff failed to plausibly state a claim for a race0based hostile work environment because he failed to allege she was subjected to any race-based comments or conduct and he failed to sufficiently allege that his managers'

17

non-racial conduct was severe or pervasive. (Doc. 72 at 105-110).

Plaintiff objects to this finding, and argues that the Magistrate Judge failed to consider his allegations that she was labeled as "angry" and "aggressive" which he believes are race-based stereotypes. (Doc. 87 at 35-36). The Magistrate Judge, however, considered these allegations and concluded that being referred to as "angry" or "aggressive" was not a race-based comment and even if it was, he alleged no specific allegations concerning the frequency with which they were made. (Doc. 72 at 108-110). The Magistrate Judge also considered and rejected Plaintiff's conclusory allegation that he was subjected to "microaggressions" because Plaintiff offered no facts that could allow the Court to conclude that these unidentified "microaggressions" were based on race, and did not allege how often he was subjected to these unidentified "microaggressions." (Id. at 108-09).

Plaintiff's objection fails to address the absence of *any* allegation in the SAC concerning race-based comments, physically intimidating conduct, or the use of racially-charged words or slurs in the workplace. Moreover, Plaintiff has not cited any cases that have found conduct similar to that vaguely alleged in the SAC, e.g., being scrutinized, called "angry" and "aggressive" or being subjected to unidentified "microaggressions" constitute conduct of a racial nature. For these reasons, the Court should overrule his objection and dismiss his Title VII racial harassment claim. See Palmer v. McDonald, 624 Fed. Appx. 699, 704 (11th Cir. 2015)

18

(affirming dismissal of plaintiff's racial hostile work environment claim for failure to state a claim and observing that, plaintiff alleged "no instances from the workplace in which race was explicitly mentioned"); see also Kavianpour v. Bd. of Regents of the Univ. Sys. of Ga., Civil Action No. 1:20-cv-152-MLB-RGV, 2018 U.S. Dist. LEXIS 244055, at *77-78) (N.D. Ga. Jan. 28, 2021) (internal quotations and citations omitted) (report and recommendation adopted by, 2021 U.S. Dist. LEXIS 126686 (N.D. Ga. Mar. 29, 2021)) (dismissing plaintiff's sexual harassment claim under Fed. R. Civ. P. 12(b)(6) where Plaintiff failed to allege that she was subjected to conduct of a sexual nature and merely alleged that she was subjected to drug tests and scrutiny); Ogletree v. Necco, Civil Action No. 1:16-cv-01858-WSD-AJB, 2016 U.S. Dist. LEXIS 165566, at * 36 (N.D.Ga. Nov. 9, 2016) (dismissing plaintiff's sexual harassment claim for failure to state a claim where Plaintiff failed to allege that the profane language and inappropriate comments in her workplace were sexual in nature).

**4.      The Magistrate Judge Properly Concluded That Plaintiff Failed to Allege A Retaliation Claim Based on His Removal as the Falcons' Head Team Physician.**

To allege a claim of retaliation under Title VII or Section 1981, the plaintiff must allege facts which plausibly demonstrate that: (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) there is some causal relation between the two events. See Thomas v. Cooper

Lighting, Inc., 506 F.3d 1361, 1363.

Plaintiff's final objection concerning the R&R's recommendation to dismiss his Section 1981 and Title VII retaliation claims is based on his erroneous belief that the Magistrate Judge found that he did not engage in any protected activity prior to his voluntary resignation.[6] (Doc. 87 at 36-38). Contrary to Plaintiff's argument, the Magistrate Judge assumed that Plaintiff engaged in several acts of protected activity, including when he filed, and amended his EEOC charge. (Doc. 72 at 112-113). She also generously accepted as true, Plaintiff's allegation, which was only made in his opposition to Defendants' Motion to Dismiss, that he engaged in protected activity after his removal from the Head Team Medical Physician job with the Falcons but found that this allegation could not support his allegation that his removal was retaliatory since he alleged that he made this complaint after his removal. (Doc. 72 at 112).

Plaintiff has not plausibly alleged a claim under Section 1981 for retaliation based on his allegations that his job duties serving as a team physician for the Falcons were taken away from him because he raised concerns that the 2023 Agreement did not comply with the NFL's CBA and questioned the Falcons' decision to add Dr.

---

[6] The R&R also found that Plaintiff did not allege facts plausibly alleging that he was subjected to a materially adverse employment action after he engaged in protected activity. (Doc. 72 at 110-113). Plaintiff does not object to these portions of the R&R so the Court should adopt them after reviewing them only for clear error.

Hill as a team physician in that agreement. (Doc. 52 ¶ 218). As the Magistrate Judge found, these allegations, even when taken as true, fail to plausibly allege that Plaintiff engaged in statutorily protected activity. In order for an employee's activity to be protected under the anti-retaliation provision of Title VII or Section 1981, he must be opposing discrimination against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Pinder v. John Marshall Law School, LLC, 11 F. Supp. 3d 1208, 1263 (N.D. Ga. 2014) (quoting 42 U.S.C. § 2000e-2(a)). Stated differently, a plaintiff is, "only protected from retaliation if the practice he opposed or complained about is specifically prohibited by Title VII." Id..

In this case, it is apparent from the face of Plaintiff's SAC that he did not engage in protected activity prior to the decision being made that Plaintiff would not medical services to the Falcons' players as part of his work with EUSOM and TEC. Complaining about conflicts of interest or issues unrelated to an employee's membership in a protected class is not protected activity. See Peeples v. Permanente, Civil Action File No. 1:15-cv-3029-WSD-JKL, 2016 U.S. Dist. LEXIS 186356, at *27 (N.D.Ga. Dec. 14, 2016) (dismissing plaintiff's Title VII retaliation claim with prejudice under Fed. R. Civ. P. 12(b)(6) because her allegations that she suffered retaliation for reporting "unethical conduct" do not show that she engaged in any statutorily protected activity under § 2000e-3). Thus, Plaintiff allegedly raising

21

concerns that the 2023 Agreement did not comply with the NFL's CBA is not protected activity under Section 1981. Likewise, Plaintiff's email to Dr. Boden asking why the 2023 Agreement states that he and Dr. Hill would be providing the same medical services to the Falcons' players is not a complaint of disparate treatment based on race. Plaintiff's communication is devoid of any reference to disparate treatment or race. Therefore, Plaintiff has failed to plausibly allege a claim for retaliation under Section 1981 and this portion of the R&R should be adopted in its entirety. See Ahmadi v. Fulton Cnty. Sch. Dist., No. 1:17-cv-2116-LMM-JKL, 2018 U.S. Dist. LEXIS 249387, at * 32 (N.D. Ga. Aug. 9, 2018) (finding that plaintiff failed to allege a retaliation claim where emails to his employer did not reference his race).

**D. The Magistrate Judge Properly Correctly Recommended that Plaintiff's Claims for Intentional and Negligent Infliction of Emotional Distress, Negligent Retention, Fraud, and Breach of Contract Failed to State a Claim Under Fed. R. Civ. P. 12(b)(6).**

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claim for intentional infliction of emotional distress because he failed to allege that Defendants engaged in the requisite extreme and outrageous conduct but he identified no error in the R&R. He merely argues that his allegations are outrageous enough to state a claim, however, he cites to no case where a Court has found that an IIED claim, which like his, is premised on employment actions, rises to the level of extreme and outrageous conduct required under Georgia law. (Doc.

22

87 at 39-40).

In order to state an intentional infliction of emotional distress ("IIED") claim under Georgia law, a plaintiff must plead facts showing: (1) that the defendant engaged in intentional or reckless conduct; (2) that the conduct was extreme and outrageous; (3) that there is a causal connection between the wrongful conduct and plaintiff's emotional distress; and (4) that plaintiff's emotional distress is severe. Gathright-Dietrich v. Atl. Landmarks, Inc., No. 1:02-CV-1978, 2003 U.S. Dist. LEXIS 28628, at *2 (N.D. Ga. Apr. 22, 2003).

The Court should overrule Plaintiff's unsupported objection because Georgia law does not generally consider adverse employment actions, even those motivated by race, as "extreme or outrageous" conduct for purposes of an IIED claim. See Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1229 (11th Cir. 1993) ("Georgia courts have held that an employer's termination of an employee-however stressful to the employee-generally is not extreme and outrageous conduct"); D'Angelo v. WellStar Med. Grp., LLC, Civil Action No. 1:18-cv-3873-MHC-JKL, 2019 U.S. Dist. LEXIS 88389, at *19 (N.D.Ga. May 3, 2019) (finding that plaintiff's allegations that she was forced to resign due to her managers' discriminatory intent failed to state a IIED claim because such conduct, even if true, was not sufficiently extreme or outrageous). Plaintiff's IIED claim, which is premised on having a non-core job duty taken away and being referred to as "angry" and "aggressive" fails to state a

23

claim for relief because he has not plausibly alleged that he was subjected to extreme and outrageous conduct. Accordingly, the Court should adopt the portion of the R&R recommending the dismissal of Plaintiff's IIED claim, with prejudice. See Bailey v. Priority Ambulance, No. 1:20-cv-928-AT-JKL, 2020 U.S. Dist. LEXIS 256011, at *12-16 (N.D.Ga. Sept. 28, 2020) (recommending the dismissal of plaintiff's IIED claim even though plaintiff alleged his manager used racial slurs to refer to him), adopted by, 2020 U.S. Dist. LEXIS 256133 (N.D.Ga. Nov. 10, 2020); Clark v. Alloy Wheel Repair Specialists, LLC, No. 1:18-cv-04746, 2019 U.S. Dist. LEXIS 250397 (N.D. Ga. Dec. 19, 2019) (adopting R&R's recommendation to dismiss plaintiff's IIED claim under FRCP 12(b)(6) where Plaintiff alleged that she was forced to engage in multiple sexual encounters with her supervisor due to fear of losing her job).

Plaintiff also objects to the recommendation to dismiss his claim for negligent infliction of emotional distress ("NIED"). (Doc. 87 at 40-41). The R&R recommended dismissing that claim because plaintiff to allege any physical impact or injury attributable to negligence. (Doc. 72 at 116-119). The R&R also considered and rejected Plaintiff's conclusory allegations in support of his NIED claim, and noted that the pecuniary loss exception to Georgia's impact rule could not salvage Plaintiff's NIED claim since Plaintiff's SAC does not plausibly allege that Defendants engaged in willful or wanton conduct or that his NIED claim is premised

24

on his defamation claim. (Id. at 117-118). Plaintiff has raised no valid objection to this finding and merely repeats the same conclusory allegations from the SAC in support of this claim. Therefore, the Court should adopt the Magistrate Judge's findings and the plaintiff's objection should be overruled.

Plaintiff next objects to the Magistrate Judge's recommendation to dismiss his negligent retention claim because it not premised on a state tort claim and because he fails to allege any of the tendencies of Drs. Boden or Mautner of which Defendants should have been aware. (Doc. 72 at 124-128). Under Georgia law, a claim for negligent retention requires a showing that the employer was or should have been aware of the employee's tendencies that caused the injury prior to its occurrence. See Edwards v. Wisconsin Pharmacal Co., LLC, 987 F. Supp. 2d 1340, 1347 (N.D. Ga. 2013). A plaintiff must also plausibly allege an underlying tort claim which forms the basis of his injury; therefore, a negligent retention claim is a "derivative" claim that can only survive to the extent that an underlying tort claim survives. See Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1329 (N.D. Ga. 2009).

As the Magistrate Judge correctly observed, Plaintiff fails to plead facts regarding Plaintiff's managers' relevant tendencies, alleging only that TEC, EHC, and EUSOM "knew or should have known" about Boden's and Mautner's unidentified "discriminatory and retaliatory conduct." (Doc. 52 ¶ 262). These

summary allegations fail to plausibly allege a claim for negligent retention.  See Xiaoyun Lu v. Airtran Airways, Inc., 631 Fed. Appx. 657 (11th Cir. 2015) (affirming dismissal of plaintiff's negligence claim for failure to state a claim where plaintiff failed to allege that defendant was aware of specific tendencies of employees which allegedly caused her injury). Plaintiff's negligent retention claim also fails to state a claim for relief because, as discussed previously, Plaintiff has not plausibly alleged that Defendants are liable to him for any tort claim. See D'Angelo v. WellStar Med. Grp., LLC, Civil Action No. 1:18-cv-3873-MHC-JKL, 2019 U.S. Dist. LEXIS 88389, at *22 (N.D.Ga. May 3, 2019) (dismissing plaintiff's negligent retention claim based on dismissal of plaintiff's IIED claim).

Plaintiff objects to the R&R's recommendation that this Court dismiss her fraudulent inducement claim. (Doc. 72 at 119-122; Doc. 87 at 42).  Under Georgia law, to plead a claim for fraud the plaintiff must allege "(1) [a] false representation by defendant; (2) scienter; (3) [an] intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." Ades v. Werther, 256 Ga. App. 8, 11 (2002). The Federal Rules require that allegations of fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means Plaintiff was required to plead "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the

Plaintiff[ ]; and (4) what the defendants gained by the alleged fraud." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010).

Plaintiff's objections do not address the fatal issue identified in the R&R that Plaintiff's allegations are not particular and she does not allege any facts suggesting that his reliance on Dr. Boden's alleged statements about his job title with the Falcons were false when they were made or that Plaintiff's reliance on these statements were justified. (Doc. 72 at 119-122). His objections do not sufficiently address this deficiency. Therefore, the Court should adopt the R&R's recommendation that Plaintiffs' fraud claims against Defendants fail to state a claim.

Plaintiff finally objects to the R&R's legal conclusion that Plaintiff has not properly alleged a claim for breach of contract because he failed to identify the existence of a valid and enforceable contract which required any of the Defendants to pay him for medical services provided to Falcons' players from February 10, 2023 through May 11, 2023. (Doc. 72 at 121-124; Doc. 87 at 43). The term of the 2019 Agreement expired at the end of the 2022 football season and the agreement does not contain a specific amount of compensation which Plaintiff was allegedly supposed to be paid for providing medical services. (Doc. 1-5, pgs. 1, 14). Similarly, Plaintiff has not identified any provision of the 2023 Agreement which was breached. (Doc. 52 ¶¶ 305-319). Because Plaintiff's SAC is devoid of any allegation that the parties mutually assented to pay him any specific amount for his services

27

and he has failed to identify any specific provision of the 2019 or 2023 Agreement which was breached, his breach of contract claim should be dismissed for failure to state a claim. See Leslie v. Experian Info. Sols., Inc., No. 1:23-CV-00330-ELR-JEM, 2024 U.S. Dist. LEXIS 59560, at *16-18 (N.D. Ga. Apr. 1, 2024) (recommending dismissal of plaintiff's breach of contract claim where plaintiff failed to identify a contractual term breached by defendant).

## III.    CONCLUSION

For the reasons set forth above and in Defendants' Motion to Dismiss Plaintiff's SAC, Defendants respectfully request that the Court overrule Plaintiff's Objections, and adopt the findings and legal conclusions in the portions of the Magistrate Judge's R&R recommending the dismissal of Plaintiff's Title VII and Section 1981 claims against Defendants, as well as the dismissal of her state law claims for negligent and intentional infliction of emotional distress, negligent retention, breach of contract, and fraud.

Respectfully submitted, this 25th day of August, 2025.

**Lewis Brisbois Bisgaard & Smith LLP**

By:    */s/  Toni J. Read*
John S. Snelling
Georgia Bar No. 665759
Toni J. Read
Georgia Bar No. 140982
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia  30308
(404) 567-6589 (telephone)

28

(404) 467-8845 (facsimile)
john.snelling@lewisbrisbois.com
toni.read@lewisbrisbois.com

***Attorney for Defendants***

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

*/s/ Toni J. Read*
Toni J. Read
